UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLENE MASON                          CIVIL ACTION

VERSUS                                  NO. 12-2854

PRIDE INDUSTRIES                        SECTION "C" (4)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the

jurisdictional amount existed at the time of removal.   Having reviewed the record, the

memoranda of counsel and the law, the Court has determined that remand is

appropriate for the following reasons.

The plaintiff filed suit in state court on August 2, 2012, alleging personal injuries

sustained in a slip and fall on August 2,  2011.   This matter was removed on the basis of

diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart

Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are

insufficient to invest a federal court of jurisdiction.   Asociacion Nacional De Pescadores

A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia,

S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth

Circuit advises the district courts that they should review their subject matter

jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th

Cir. 1999).  In order to remain in federal court, the removing parties must prove by a

preponderance of the evidence that the jurisdictional minimum exists. Id.   This

showing may be made by either: (1) demonstrating that it is facially apparent that the

claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently

particularized to meet that burden.  No affirmative proof of the jurisdictional minimum

is presented.   Instead, the defendant relies on a pre-litigation settlement offer of

$75,000, plus undocumented medical expenses in the  amount of $6,246.90 for an ankle

sprain, later diagnosed as a superior ankle fracture, for which the plaintiff underwent

physical therapy.  Rec. Doc. 9.   The defendant also claims support with case of *Matlock*

*v. City of Shreveport*, 2010 WL 3840327, in which the trial court awarded the plaintiff

$75,000 in general damages resulting from injuries to the ankle foot, knees, hand and

forearm.

     The Court notes that on appeal, the *Matlock* general damages award was reduced

to $50,000 with a finding of 25% comparative fault.  *Matlock v. City of Shreveport*, 58

So.2d 1131 (La. App. 2nd Cir. 2011).  The appellate opinion indicates evidence of long-

term disability and suggested future surgery for the athletic plaintiff; that evidence is

lacking in this matter.  In addition, the plaintiff argues in memorandum that the

jurisdictional minimum is lacking and that settlement demands are always greater than

the amount for which a case settles.  Rec. Doc. 10.

     Based on the record and the law, the Court finds that the defendants have not

established subject matter jurisdiction.  In addition, the Court is mindful that removal

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293

3

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil Judicial District

Court for the Parish of Orleans,  State of Louisiana, for lack of jurisdiction under 28

U.S.C. § 1447(c).

New Orleans, Louisiana, this 26th  day of February, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE